*421 BYE, Circuit Judge,
concurring.
Because I believe the district court could properly have exercised jurisdiction under the Pipeline Safety Act (“PSA”), I concur in affirming its issuance of a preliminary injunction. I write separately, however, to underscore the procedural infirmity of the district court’s proceedings. Presented with several potential bases for subject matter jurisdiction and equally weighty arguments for a lack thereof, the district court circumvented the issue of jurisdiction entirely and proceeded directly to a consideration of the merits for injunctive relief. While I agree with the majority’s rejection of a categorical rule requiring district courts to rule on jurisdictional issues prior to considering motions for in-junctive relief, I find the district court’s shortcut in this case problematic.
Presumably, the district court expected that amongst the many proffered grounds for jurisdiction, one would likely prevail. As the majority concludes, this proved true; Laclede’s PSA claim would appear to provide a valid basis for subject matter jurisdiction. However, upon examining the district court’s order granting Lac-lede’s request for injunctive relief, I find no evidence to suggest the district court premised its injunction on that claim or, for that matter, even considered the PSA in weighing the Dataphase factors. Not only is there no mention of the PSA in the district court’s order, but the court’s discussion regarding Laclede’s probability of success on the merits revolves solely around Laclede’s takings claim — a claim which, by my estimation, is unripe. See Williamson Cnty. Reg’l Planning Comm’n v. Hamilton Bank, 473 U.S. 172, 195, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) (“[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.”).
As a general matter, the exercise of supplemental jurisdiction over an unripe claim is troublesome. A party should not be permitted to bypass mandatory procedural hurdles merely by offering a separate jurisdictional anchor whose requirements are more easily met. In this case, Laclede filed a complaint on October 11, 2011, setting forth various takings claims against the County. On October 18, 2011, the County filed a motion to dismiss for lack of jurisdiction, arguing Laclede’s takings claims were unripe as Laclede had not yet sought and been denied just compensation for the relocation of its gas lines. Nearly four months later — in the absence of any jurisdictional ruling by the district court — Laclede sought leave to file an amended complaint, adding a claim under the PSA. At this point, the district court acknowledged the still pending jurisdictional challenge but moved forward with Laclede’s request for injunctive relief.
Two problems arise from the district court’s decision to bypass the County’s jurisdictional challenge and to nevertheless address Laclede’s takings claims: (1) the district court implicitly endorsed Laclede’s failure to exhaust available state remedies for that claim, and (2) by focusing its analysis on the unripe takings claim, the district court failed to analyze the claim over which it could legitimately exercise jurisdiction, the PSA claim. Accordingly, the district court issued an injunction devoid of meaningful analysis of the claim we ought to review.
Despite significant concerns with respect to these errors, I believe remanding the case to the district court for reconsideration of Laclede’s request for injunctive relief based on the PSA claim rather than the takings claim would prove inefficient and, ultimately, redundant. The harms *422 the PSA is aimed to remedy (i.e., danger to life and property), see 49 U.S.C. § 60102(a)(1), are generally encompassed by the “public interest” factor a district court is obligated to weigh when ruling on a motion for preliminary injunction. See Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir.1981). Here, though focused on Laclede’s constitutional rights and ability to maintain its easements, the district court did consider the public’s access to utility service and safety under the final prong of the Dataphase analysis. There is, thus, no reason to conclude that a narrower analysis on remand, dedicated solely to the PSA claim, would yield different results.
For the foregoing reasons, I concur in the majority’s ultimate judgment but caution against continued tolerance of similar jurisdictional sidestepping by lower courts. The modest overlap in subject matter between Laclede’s takings claim and its PSA claim provided an avenue for affirmance on these facts, but it is the rare case in which an injunction inappropriately addressing one claim can be upheld on the basis of another.